IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rachael K. Kleinmark,                      Case No. 3:07CV1512

       Plaintiff

      v.                                              ORDER

St. Catherine's Care Center,
      a/k/a Fostoria Care, Inc.,

       Defendant

This is an employment discrimination case in which I granted summary judgment for the defendant, St. Catherine's Care Center [St. Catherine's]. Pending is defendant's motion for an order awarding expenses and attorneys' fees as sanctions against plaintiff's counsel. [Doc. 39].[1] For the reasons discussed below, defendant's motion shall be denied.

**Background**

Plaintiff Rachael Kleinmark worked as a licensed practical nurse at St. Catherine's Care Center, an adult extended care facility. Following tragic events in her personal life, Kleinmark

---

[1] Defendant also filed a supplemental motion with additional arguments supporting its original motion. [Doc. 41].

requested leave to obtain psychological treatment under the Family Medical Leave Act [FMLA]. The Act permits employees to take up to twelve weeks of unpaid leave for personal or family medical purposes. 29 U.S.C. § 2612(a)(1). An employer may discharge a person who fails to return to work at the expiration of the twelve week period, even if she cannot return to work for medical reasons. *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 506-07 (6th Cir. 2006).

St. Catherine's granted Kleinmark's request for FMLA leave and notified her of when the leave would expire. Kleinmark, however, expected to have additional time to return to work. She claimed that an administrator told her St. Catherine's allowed employees to continue their employment even after exhausting FMLA leave. Kleinmark did not return to work following the expiration of her FMLA leave. St. Catherine's discharged her, but told her she could later apply for an open position if one became available.

Kleinmark filed suit against St. Catherine's in the Seneca County, Ohio, Common Pleas Court on April 9, 2007. She brought a federal claim alleging that St. Catherine's discharged her in retaliation for taking FMLA leave. She also asserted seven supplemental state claims.[2]

On Friday, May 18, 2007, St. Catherine's counsel, Eric Hershberger, sent Kleinmark's attorney, Charles Hall, Jr., a letter "pursuant to the provisions of Civil Rule 11." [Doc. 39, Att. A]. Hershberger stated that none of Kleinmark's claims were "legally or factually supported" and that he intended to "proceed with the defense with zeal and extreme prejudice" if his office did not receive notice that Kleinmark had withdrawn her complaint by close of business on May 22, 2007.

---

[2] Kleinmark's state claims included the following: 1) violation of public policy; 2) civil conspiracy; 3) failure to protect her job; 4) intentional infliction of emotional distress; 5) abuse of process; 6) defamation; and 7) invasion of privacy. Some of them related to an incident involving her alleged impairment by anti-anxiety medication prior to her taking FMLA leave.

[*Id.*]. He also indicated that if Kleinmark and Hall did not comply with his request and the court ultimately dismissed the case, he would seek sanctions against them.

Hall did not respond to the May 18 letter and Kleinmark did not withdraw her complaint before the May 22 deadline. On May 23, 2007, St. Catherine's filed an answer and a notice of removal to this court.

During discovery, Hershberger sent Hall several letters regarding Kleinmark's alleged noncompliance with disclosure requirements and discovery requests. Then, in a letter dated August 10, 2007, Hershberger offered not to seek sanctions if Kleinmark agreed to dismiss the case with prejudice by August 20, 2007. Kleinmark, however, had already agreed to a dismissal without prejudice. In a letter dated August 17, 2007, Hershberger alluded to the earlier agreement, explaining that "[t]he substance of the [enclosed] dismissal entry differs from what we discussed because of my client's insistence that this case go away completely and forever." [Doc. 42, Att. 1]. Hall responded to the change with an unprofessional phone call to Hershberger's office, for which he later apologized. Kleinmark did not consent to the dismissal with prejudice and the litigation continued.

On August 27, 2007, Hershberger sent Hall another letter regarding discovery issues, indicating that his "calendar for the foreseeable future [would] become very filled up" in preparation for another client's upcoming trial. [Doc. 42, Att. 2]. On October 31, 2007, the parties filed a joint motion for an extension of time to meet the discovery deadlines. I granted the motion, giving the parties until January 21, 2008 to complete discovery. On February 22, 2008, St. Catherine's moved for summary judgment. I granted the motion on July 10, 2008.

On July 24, 2008, St. Catherine's filed this motion for an order awarding expenses and attorneys' fees as sanctions against Hall.

**Standard of Review**

Although "a prevailing party may not ordinarily recover attorneys' fees," it may do so when a statute provides for such an award. *Shimman v. Int'l Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1229 (6th Cir. 1984) (explaining the "American Rule" regarding attorneys' fees). Section 1927 provides for an award of costs and fees where an attorney has "multiplie[d] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Even in the absence of statutory authorization, the court may use its inherent powers to sanction "counsel who willfully abuse judicial processes or who otherwise act in bad faith." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). "An award of attorneys' fees, whether granted under 28 U.S.C. § 1927 . . . or under the court's 'inherent powers,' rests in the sound discretion of the trial court." *Jones v. Continental Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986).

**Discussion**

**1. 28 U.S.C. § 1927**

An attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Sixth Circuit will uphold sanctions under § 1927 when an attorney "knows or reasonably should know that a claim pursued is frivolous" or "has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Jones, supra*, 789 F.2d at 1232; *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996) (internal citations omitted).

4

St. Catherine's supports its original motion for sanctions with two primary facts. First, Hall continued to prosecute Kleinmark's case despite Hershberger's letters identifying its weaknesses and threatening sanctions. Second, I ultimately granted summary judgment in favor of St. Catherine's. In its supplemental motion for sanctions, St. Catherine's also alleges specific examples of misconduct during discovery. These facts, however, do not justify imposing sanctions against Hall.

Although Kleinmark's claims were weak, I am reluctant to label them "frivolous." *Jones, supra*, 789 F.2d at 1232. In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978), the Court cautioned against succumbing to the "understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Kleinmark's belief that St. Catherine singled her out for termination when it normally allowed employees to continue their employment after exhausting FMLA leave did not enable her to prevail against defendant's motion for summary judgment. It did, however, provide a non-frivolous basis on which to proceed with the lawsuit.

Hall's conduct did not fall short of the obligations he owed to the court. Conduct deserving of sanctions typically involves some abuse of the legal process. *See, e.g., Maloof v. Level Propane Gasses, Inc.*, 2008 WL 2952779, *2 (6th Cir.) (unpublished disposition) (upholding sanctions for attempted relitigation of previously decided issues); *Shepherd v. Wellman*, 313 F.3d 963, 965 (6th Cir. 2002) (upholding sanctions for use of discovery to obtain information not related to the pending lawsuit). Although Hall acted unprofessionally at times, his conduct did not breach his obligation to the court.[3]

---

[3] St. Catherine's points to Hershberger's May 18 letter as evidence that Hall violated Rule 11. FED.

More importantly, St. Catherine's refusal to accept plaintiff's offer of a dismissal without prejudice proximately caused this case to continue. There is little likelihood, and St. Catherine's suggests none, that plaintiff would or could have revived her suit once she dismissed it, even without prejudice. Few lawyers will take a once-dismissed employment discrimination case, especially where opposing counsel is growling about sanctions. Few clients in plaintiff's position will have the wherewithal, even if they find counsel willing to go forward, to bear the expense of doing so. Thus, St. Catherine's and its counsel knew, or should under the circumstances have known, that the risk of further litigation was very, very slight.

Nonetheless, St. Catherine's and its lawyer insisted on all or nothing. This was so, even though the less that plaintiff was willing to offer would, as a practical matter, have amply protected the hospital. Plaintiff having offered to surrender, even if not entirely unconditionally, St. Catherine's should not have demanded suicide. But it did so, and that alone caused hostilities to go on.

It is St. Catherine's and its counsel, not plaintiff's lawyer, who acted unreasonably at a critical juncture. Whoever should bear the expense that resulted from that unreasonableness, it should not and will not be the plaintiff.[4]

---

R. CIV. P. 11. If such a violation were found, it may have been relevant to the analysis regarding Hall's obligations to the court. He sent the letter, however, before Rule 11 applied to this litigation, as St. Catherine's did not remove the case to federal court until May 23. The letter also gave Kleinmark a mere four days, two of which fell over a weekend, to withdraw her complaint. This can hardly be called a good faith effort to provide the twenty-one days required by Rule 11's safe harbor provision. St. Catherine's never pursued an actual motion for sanctions under Rule 11, and I therefore decline to consider whether Kleinmark or Hall violated the Rule and whether such a violation would have justified imposing sanctions against Hall.

[4]

Had there been some plausible risk to St. Catherine's from a dismissal without prejudice, its demand for dismissal with prejudice might have been justified. Had, for example, plaintiff unilaterally sought

6

St. Catherine's also bears some responsibility for prolonging the discovery period, as Hershberger's obligations to another client contributed to the need for both parties to request additional time to meet deadlines. Finally, filing a motion for sanctions after a case has been concluded on its merits simply draws out the litigation, resulting in additional costs to the parties and the court.

For all of the above reasons, I decline to impose sanctions against Hall under § 1927.

### 2. Inherent Powers

St. Catherine's also contends that it is entitled to an award of costs and attorneys' fees under the court's inherent authority to sanction misconduct. Even in the absence of statutory authority, a court may use its inherent powers to shift fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, *supra*, 501 U.S. at 45-46 (internal citations omitted). The Sixth Circuit recognizes the district courts' authority "to assess attorneys' fees against counsel who willfully abuse judicial processes or who otherwise act in bad faith." *Red Carpet Studios*, *supra*, 465 F.3d at 646.

St. Catherine's admits there is "simply no evidence in the record suggesting that [Kleinmark] acted in bad faith" and places responsibility for any alleged misconduct squarely on Hall. [Doc. 39]. There is, however, no evidence that Hall acted in bad faith.

---

to dismiss without prejudice on the eve of a trial for which St. Catherine's had paid its attorney a lot of money to become fully prepared, demanding dismissal with prejudice would have been reasonable. To do otherwise, and let opposing counsel procure a self-help continuance, would, indeed, have been unreasonable.

Here, however, plaintiff's counsel was making a counter-proposal to St. Catherine's all or nothing demand much earlier in the litigation. Whether wanting to save a bit of face, protect himself from a later claim of inadequate representation or keep a wistful hope, however insubstantial, alive, plaintiff's counsel was not acting unreasonably when he refused to dismiss with prejudice.

Several Sixth Circuit cases illustrate willful abuse of the judicial process and other conduct "tantamount to bad faith." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002) (affirming sanctions against plaintiff who used legal system for improper purpose of "threaten[ing] and harass[ing]" defendant "in an attempt to force settlement" of a claim). Such conduct typically includes the violation of a court order or other "impermissible litigation practices." *Id.* at 514; s*ee, e.g., Red Carpet Studios, supra*, 465 F.3d at 642 (affirming sanctions against an attorney who "continuous[ly] attempt[ed] to circumvent the district court's injunction"); *Mitan v. Int'l Fidelity Ins. Co.*, 23 Fed. Appx. 292, 294-95, 298-99 (6th Cir. 2001) (affirming sanctions against plaintiff whose "history of forum shopping and abusing the legal process" included failure to respond to three show cause orders).

Hall's actions did not rise to the level of willful abuse of the judicial process or conduct otherwise tantamount to bad faith. He did not violate a court order or engage other impermissible litigation practices. The only order relevant to the parties' conduct during this litigation was one governing discovery deadlines, and I extended it after the parties filed a joint motion requesting more time.

"Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, *supra*, 501 U.S. at 44. Imposing costs and fees against a losing plaintiff's attorney in an employment discrimination action is a severe sanction and should be "limited to truly egregious cases of misconduct." *Salkil v. Mount Sterling Tp. Police Dept.*, 458 F.3d 520, 532 (6th Cir. 2006) (internal citations omitted). Hall's conduct does not warrant the imposition of such a sanction.

**Public Policy**

There are strong policy reasons to avoid imposing costs and fees on non-prevailing employment discrimination plaintiffs and their lawyers. Doing so "could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christiansburg, supra*, 434 U.S. at 422. Potential plaintiffs already face significant deterrents to filing employment discrimination claims, including the simple fact that they are unlikely to win. Kevin M. Clermont & Stewart J. Schwab, *Employment Discrimination Plaintiffs in Federal Court: From Bad to Worse?*, 3 HARV. L. & POL'Y REV., 1, 35 (2009). A steady decline in the number of employment discrimination claims filed in federal court attests to the effectiveness of these deterrents. *Id.*

Awarding costs and fees to St. Catherine's would encourage other defendants to prolong litigation by seeking fees after their own cases have been concluded on the merits. I do not wish promote a practice that imposes an additional burden on the court and adds to the deterrents already facing plaintiffs in employment discrimination cases.

Granting defendant's motion under the circumstances of this case would, moreover, encourage other defendants and their attorneys unreasonably to demand dismissal with prejudice where a dismissal without prejudice would give ample protection to their clients. Such demand often stands in the way, as it clearly did here, of cases being terminated. It would be entirely counter-productive, unreasonable and unfair to force plaintiff to recompense St. Catherine's for the consequences of its own obduracy.

**Conclusion**

For the foregoing reasons, it is hereby:

ORDERED THAT defendant's motions for expenses and attorneys' fees as sanctions against plaintiff's counsel [Docs. 39, 41] be, and the same hereby are denied.

So ordered.

                                      s/James G. Carr
                                      James G. Carr
                                      Chief Judge